UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

AMANDA HILL, ADMINISTRATOR OF
ESTATE,

                         Plaintiff,

           v.

VETERANS AFFAIRS and MARGARET DEAN,

                         Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-520 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On January 16, 2014, Plaintiff Amanda Hill, proceeding *pro se*, commenced this action against Defendants United States Department of Veterans Affairs (the "VA") and Margaret Dean. (Compl., Docket Entry No. 1.) On May 14, 2014, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915 and granted Plaintiff leave to amend the Complaint. (May 14, 2014 Memorandum and Order ("May 14, 2014 Decision") at 6, Docket Entry No. 5.) On July 24, 2014, Plaintiff filed an Amended Complaint naming the same Defendants. (Am. Compl., Docket Entry No. 7.) On February 12, 2015, Plaintiff filed a Second Amended Complaint ("SAC"). (SAC, Docket Entry No. 12.) Plaintiff alleges that her late father's property was improperly transferred to Defendant Dean upon her father's death. (SAC 1–2.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, Plaintiff is granted thirty (30) days' leave to file a third amended complaint.

I. **Background**

   a. **Prior procedural history**

On May 14, 2014, the Court held that Plaintiff's claim on behalf of her late father's estate (the "Estate") concerning the transfer of a deed to real property located at 1103 Irving Street in Queens, New York[1] (the "Property"), failed to state a claim against the VA and Dean. (May 14, 2014 Decision 3–5.) The Court dismissed the Complaint because Plaintiff did not allege (1) that she could properly represent the estate and (2) that the Court had jurisdiction over her claims against the VA. (*Id.* at 3–4.) The Court held that to the extent Plaintiff was attempting to sue on behalf of the estate, Plaintiff could not do so unless she was the sole beneficiary of the estate and the estate had no creditors "other than the administrat[or] or exect[or]." (*Id.* at 3 (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).) As to her claims against the VA, the Court held that Plaintiff failed to show that the VA, a United States agency, was not entitled to sovereign immunity from her claims. (*Id.* at 4–5.) Absent such a showing, the Court lacks jurisdiction over Plaintiff's claims. (*Id.* at 5.) The Court dismissed the Complaint but granted Plaintiff leave to file an amended complaint correcting these deficiencies. (*Id.*)

On July 24, 2014, Plaintiff filed an Amended Complaint against the VA and Dean, again alleging that the deed to the Property was erroneously conveyed to Dean and appearing to add a claim for conversion. (Am. Compl. 2.) Thereafter, on December 12, 2014, Magistrate Judge James Orenstein held a Status Conference, at which both Plaintiff and the VA appeared.[2] (December 12, 2014 Minute Entry.) At that time, the VA voluntarily disclosed copies of records

---

[1] Although Plaintiff omits the Property's address from the SAC, it was included in her prior two complaints. (Compl. 1, Docket Entry No. 1; Am. Compl. 1.)

[2] The VA was never served with the Complaint or the Amended Complaint, but appeared at the scheduled conference. (Docket Entry No. 9.)

from the VA's files that related to the transfer of the Property. (*Id.*) On January 12, 2015, Plaintiff made an application to file a second amended complaint, which the Court granted. (Docket Entry Nos. 10, 11.)

### b. Second Amended Complaint

Plaintiff appears to bring this action pursuant to the Federal Tort Claims Act,[3] on behalf of her late father's estate concerning the Property. (SAC 1.) Plaintiff alleges that the VA negligently provided the Property's deed to Dean instead of providing the deed to the Estate. (*Id.*) According to Plaintiff, because Dean and her late father were not married at the time of his death, the VA was required to give the Property's deed to the Estate. (*Id.* at 2.) Plaintiff asserts that this was an erroneous conveyance, and that Dean was not the "only or right[]fully heir [to] the [P]roperty." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

---

[3] The Second Amended Complaint ("SAC") states that Plaintiff is filing under the "Federal Tort Act" against Defendants. (SAC 1.)

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### i. FTCA claim against the VA

The SAC largely repeats the few factual allegations from Plaintiff's prior complaints, abandons certain claims, and purports to assert claims against the VA pursuant to the FTCA. (SAC 1.) As discussed below, the SAC's allegations are insufficient to state a FTCA claim.

The United States is generally immune from suit. *United States v. Bormes*, 568 U.S. ---, ---, 133 S. Ct. 12, 13–14 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))). Pursuant to the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees while acting within the scope of their employment." *Ali v. Fed. Bureau of Prisons*,

4

552 U.S. 214, 217–18 (2008); *Haskin v. United States*, 569 F. App'x 12, 15 (2d Cir. 2014); *Vidro v. United States*, 720 F.3d 148, 150 (2d Cir.2013); *see generally Levin v. United States*, 568 U.S. ---, ---, 133 S. Ct. 1224 (2013) ("The [FTCA] gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." (quoting 28 U.S.C § 1346(b)(1))); *Molchatsky v. United States*, 713 F.3d 159, 161–62 (2d Cir. 2013) (quoting 28 U.S.C. § 1346(b)(1)). "The United States' waiver of immunity under the FTCA is to be strictly construed in favor of the government." *Liranzo*, 690 F.3d at 84. Under the FTCA, the suit must be brought against the United States and not a federal agency. *See Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991).

Here, Plaintiff's allegations are insufficient to state a claim under the FTCA. First, while Plaintiff appears to rely on the FTCA for this Court's subject-matter jurisdiction over her action, Plaintiff incorrectly lists the VA, rather than the United States, as the defendant. However, even if Plaintiff had sued the United States, because the SAC contains nothing more than vague facts and a conclusory assertion the VA "negligently" gave Dean a deed to the Property, which was supposed to go to her late father's estate, it fails to state a claim. (SAC ¶¶ 1, 3.)

Even liberally construing Plaintiff's allegations, they do not plausibly allege an actionable tort under the FTCA in relation to the VA's conveyance of the Property. Although Plaintiff previously alleged that the VA committed the tort of conversion, Plaintiff does not replead these allegations in the SAC. (*See* Am. Compl. ¶ 4.) Moreover, conversion applies only to personal property, not to real property, which appears to be at issue here. *Crawford v. Smith*, 14 N.Y.S.3d 474, 475 (App. Div. 2015) ("[N]o cause of action sounding in conversion will lie where the property that is the subject of the dispute is real property." (citations omitted)); *see*

5

*also Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d 283, 288 (2007) (explaining that under the common law, "real property and all manner of intangible rights could not be 'lost or found' in the eyes of the law and were not therefore subject to an action for trover or conversion" (citing Prosser and Keeton, Torts § 15, at 90)).

### ii. Claim against Dean

The SAC lists Dean as a defendant, but it fails to include any allegations related to Dean other than her receipt of the "converted" Property. To the extent Plaintiff attempts to bring a claim for conversion against Dean, as stated above, that claim fails as it is against real property. *See Beare v. Millington*, No. 07-CV-3391, 2014 WL 1236750, at *4 (E.D.N.Y. Mar. 25, 2014), *aff'd sub nom. Harris v. Millington*, 613 F. App'x 56 (2d Cir. 2015); *E. River Sav. Bank v. Sec'y of Hous. & Urban Dev.*, 702 F. Supp. 448, 455 (S.D.N.Y. 1988). Accordingly, Plaintiff's claim against Dean are dismissed.

### b. Leave to amend

Plaintiff has been granted leave to amend her Complaint on two prior occasions. Under these circumstances, the Court would normally deny Plaintiff a third opportunity to amend her complaint. However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff a third opportunity to amend her complaint. This third amended complaint must properly identify the United States as a Defendant to the extent Plaintiff is attempting to allege a FTCA claim or assert claims for which the VA is a proper defendant. Plaintiff must identify what claim she attempts to bring against Dean. For all claims, Plaintiff must include plausible facts supporting each claim.

## III. Conclusion

For the reasons stated above, the SAC is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to re-plead her Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 4, 2016
      Brooklyn, New York